**Qing GAO, Petitioner,**

v.

**ATTORNEY GENERAL OF THE UNITED STATES,**
**Respondent.**

**No. 04–1001.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) March 8, 2005.

Decided July 29, 2005.

Charles Christophe, Christophe & Associates, P.C., New York, NY, for Petitioner.

Linda S. Wernery, John M. McAdams, Jr., Washington, DC, for Respondent.

Before *NYGAARD, McKEE, RENDELL, Circuit Judges.

OPINION

McKEE, Circuit Judge.

Qing Gao petitions for review of an order of the Board of Immigration Appeals affirming the decision of an Immigration Judge denying relief from removal. For the reasons that follow, we will dismiss the petition.

1. Smith's motion for appointment of counsel is denied.

* The Honorable Richard L. Nygaard assumed senior status on July 9, 2005

## I.

Inasmuch as we write primarily for the parties who are familiar with this case, we need not repeat the factual or procedural background except insofar as may be helpful to our brief discussion.

Gao conceded removability before an Immigration Judge and applied for asylum, withholding of removal, and protection under the Convention Against Torture. The IJ did not find Gao's testimony credible and he denied relief. The BIA affirmed without opinion, and this Petition for Review followed.

## II.

Since the BIA summarily affirmed the decision, we review the decision of the IJ as the final decision of the BIA. *Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir.2003) (*en banc*). Our review is limited to determining if the IJ's ruling is supported by substantial evidence in the record. *Id.* at 247. We therefore must determine whether a reasonable factfinder could make the same determination as the IJ based upon the administrative record that was before the IJ. If so, the record supports the IJ's ruling and we must dismiss the petition for review. *Id.* at 249. Where, as here, the IJ's decision involves a credibility determination, the IJ must give specific reasons for his conclusion that bear upon "a legitimate nexus" to the credibility ruling. *Balasubramanrim v. INS*, 143 F.3d 157, 162 (3d Cir.1998). Adverse credibility findings are also reviewed for substantial evidence. *Id.* at 161. An adverse credibility finding

will be sustained "unless ... no reasonable person" would have found the applicant incredible. *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir.2004) (citations omitted).

## III.

The IJ found that Gao's testimony was not credible because:

1) Gao's explanation of how he managed to escape from the family planning officials in April lacked details and was "highly implausible."

2) The IJ found Gao's national identification card and household registration "highly suspicious" because they were issued in October 2000 when Gao claimed to have been in hiding. Moreover, his explanation that his parents bribed officials was inconsistent with his assertion that family planning officials were threatening his parents to get them to divulge his whereabouts.

The IJ reasoned that if his parents were being threatened by authorities, his parents would not have asked them for documents on Gao's behalf.

3) There was a substantial discrepancy between the story Gao provided at the airport and his asylum application.[1]

## IV.

We exercise jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a)(1). An agency's finding of fact that an applicant has failed to show eligibility for asylum and withholding of re-

---

1. To his credit, the IJ recognized that Gao may have felt pressured during the airport interview. *See Senathirajah v. INS*, 157 F.3d 210, 218 (3d Cir.1998) (noting the limitations of airport interviews in making credibility determinations in a subsequent Immigration proceeding). However, even after allowing for the possibility that Gao may have felt pressured at the airport, the IJ concluded that

Gao's explanation that he signed the INS statement because he feared he would be sent back to China was "not particularly plausible or persuasive." As we explain further below, given the other problems with Gao's testimony, the IJ's skeptical view of the discrepancies in Gao's account of his flight from China is supported by the record.

moval is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## V.

To establish a claim for asylum or withholding of removal, an applicant must establish that he/she is a "refugee." 8 C.F.R. § 208.13. A "refugee" is defined as:

[A]ny person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). An asylum applicant bears the burden of proving past persecution or a well founded fear of future persecution. 8 C.F.R. § 208.13(a), *Abdille v. Ashcroft,* 242 F.3d 477, 482 (3d Cir.2001). An applicant must demonstrate an actual and genuinely held subjective fear of persecution and show that the fear is objectively reasonable. *INS v. Cardoza–Fonseca,* 480 U.S. 421, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987).

To qualify for withholding of removal, an alien must establish a clear probability that his/her life or freedom would be threatened on account of one of the five statutory grounds if removed. INA § 241(b)(3). *INS v. Stevic,* 467 U.S. 407, 429–30, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984).

In order to qualify for relief under Article III of the Convention Against Torture, an alien must prove that it is more likely than not that he/she would be "tortured" if removed to the proposed country of removal by, at the instigation of, or with the consent or acquiescence of, someone acting in an official capacity. 8 C.F.R. § 208.16(c)(4).

## VI.

Gao argues that (1) the IJ's adverse credibility determination is not supported by substantial evidence and (2) he is statutorily eligible for asylum under 8 U.S.C. § 1101(a)(42).

Gao claims that the three problems underlying the IJ's adverse credibility determination were adequately explained and addressed in the record. He explains the inconsistencies between his airport interview and his asylum application by asserting that he did not learn about his fiancée's abortion until after the airport interview. Therefore, he insists, he could not have mentioned it when first interviewed at the airport. However, even assuming that this is true, Gao still failed to relate his flight from China to any fear of family planning officials during the airport interview. As we noted above, we have in the past, expressed concerns about an IJ's reliance on airport interviews in assessing credibility of an alien. *See Balasubramanrim v. INS,* 143 F.3d 157 (3d Cir.1998); *Senathirajah v. INS,* 157 F.3d 210 (3d Cir.1998). However, those concerns are not present here because of the totality of factors the IJ relied upon in assessing Gao's credibility, and Gao does not challenge the manner in which the airport interview was conducted or the circumstances surrounding it. Moreover, unlike some cases we see, the inconsistencies the IJ focused on here can hardly be characterized as "immaterial." "[W]here the discrepancies between an airport interview and the alien's testimony go to the heart of the claim, they certainly support an adverse credibility de-

termination.". *Chen v. Ashcroft,* 376 F.3d 215, 224 (3d Cir.2004) (citation and internal quotations omitted).

Gao also argues that the IJ's conclusion that his account of his escape from the family planning officials was implausible because it was "mere speculation and conjecture." Gao believes that it is "inappropriately stringent" for the IJ to expect him to recall minute details of that event. We agree that minor inconsistencies and minor omissions that reveal nothing about an asylum applicant's fear will not support an adverse credibility finding. Rather, the IJ's should focus on discrepancies that involve the "heart of the asylum claim." *Berishaj v. Ashcroft,* 378 F.3d 314, 323 (3d Cir.2004) (citation omitted). Nevertheless, Gao's altercation with family planning officials was central to his asylum claim of persecution based upon resisting a coercive population control program. It was therefore not unreasonable for the IJ to expect more detail in Gao's testimony regarding that incident.

Regarding Gao's identity documents, the IJ opined that it would have been more understandable if Gao's parents had approached police for his Chinese identification documents when Gao was in a place of "relative safety," such as the United States. Gao claims that he *was* in a place of relative safety in October, 2000 because he was in a neighboring province. However, the IJ's evaluation of that aspect of Gao's testimony was reasonable. Contrary to Gao's assertion, it was not mere speculation for the IJ to be skeptical of testimony that the police would issue an official document to a fugitive. Nor was it unreasonable for the IJ to reject Gao's bribery explanation given his testimony that officials were threatening his parents in an effort to discover his whereabouts.

## VI.

The IJ ruled in the alternative that even if Gao had been credible, his testimony would not have satisfied his burden of proof for asylum. However, we need not review the IJ's alternative ruling because we conclude that his adverse credibility determination is supported by substantial evidence on this record.

## VII.

Finally, we find that substantial evidence supports the IJ's finding that Gao is not eligible for CAT relief. As noted, under the CAT an applicant may be granted withholding of removal if he/she can show that, if removed, it is more likely than not that he/she would be tortured. At the hearing, Gao was specifically asked if he would be harmed if returned to China and he answered: "No, but I will be hurt extremely bad financially." He also stated that his only "fear or concern" about returning to China was that he would be "embarrassed if he cannot make it into the United States." Clearly, financial harm and embarrassment do not constitute torture. *See* 8 C.F.R. § 208.18(a) (defining "torture").

## VIII.

For all of the above reasons, we will deny the petition for review.